In re Estate of Whiting: Addison et al., Appellants, *v.* The Central Trust Co. et al., Appellees.

(No. 10467—Decided May 20, 1968.)

*Messrs. Paxton & Seasongood, Mr. Robert P. Goldman* and *Mr. Clyde M. Abbott,* for appellants.

*Messrs. Steer, Strauss, White & Tobias,* for appellee The Central Trust Company.

*Messrs. Frost & Jacobs, Mr. R. O. Klausmeyer* and *Mr. William D. Baskett, III,* for appellees Carson Ross Whiting and others.

Shannon, J. This comes to us as an appeal on questions of law from the Probate Court of Hamilton County.

The facts, which were stipulated below, may be summarized thusly:

Richard Ross Whiting died, testate, October 27, 1944,

survived by his daughter, Josephine, who was his sole next of kin. In his will, executed September 18, 1944, Whiting, after other things, devised the residue of his estate to the Central Trust Company as trustee with directions to pay Josephine a sum certain monthly until age fifty and the entire net income thereafter.

In Item IX of the will, Whiting provided:

"When my daughter, Josephine Mary Whiting, reaches the age of fifty years, I will and direct that my said trustee shall pay out of my trust estate to my sister, Mabel Whiting, if living, the sum of $10,000.00 in cash and in case my daughter dies before she reaches the age of fifty years I will and direct that my said trustee shall pay to my said sister, Mabel Whiting, if living, the sum of $10,000.-00 in cash upon the death of my daughter, Josephine Mary Whiting.

"Should my daughter, Josephine Mary Whiting, die leaving issue surviving her, I will and direct that my said trustee shall use so much of the income of said trust estate as may, in its judgment be necessary, for the maintenance and support of such issue until they respectively attain the age of twenty-one years, and when such issue or the youngest of such surviving issue attains the age of twenty-one years I will and direct that my said trustee shall pay, disburse, convey and transfer all the rest, residue and remainder of my trust estate to the said issue of my daughter, surviving her death, share and share alike.

"Upon the death of my daughter without issue or upon her having issue and such issue dies before reaching the age of twenty-one years, I will, direct and authorize my trustee, The Central Trust Company, to pay, disburse, convey and transfer all the rest and remainder of my said trust estate to my nephews and nieces then living, in equal shares, upon the youngest one of my said nephews and nieces reaching the age of twenty-one years."

When he died, testator was also survived by four nephews and two nieces. He had had two brothers, both of whom predeceased testator, and a sister, born in 1879 and still living. Whiting's brother William left three sons,

134

William Whiting and Carson Whiting, appellees here, and Richard Whiting, who died in 1958. Testator's brother Herbert left a son, Herbert, and two daughters, all of whom are the appellants here.

Testator's daughter, Josephine, died married but without issue on January 17, 1967.

The Central Trust Company, as trustee, filed its application thereafter in the Probate Court to distribute, in equal shares, the corpus of the trust to the five nephews and nieces who were alive on January 17, 1967 (the date of death of testator's daughter, Josephine).

Exceptions were taken by the remarried widow and three children of Richard Whiting (the nephew of testator who predeceased Josephine), they contending that an undivided one-sixth interest in the trust estate vested in each nephew and niece *on the death of the testator,* subject to divestment only in the event Josephine Whiting should die having issue.

The issue, then, is squarely put: does the language of the will, "Upon the death of my daughter without issue * * * I direct * * * my trustee * * * to pay * * * to my nephews and nieces then living, in equal shares, upon the youngest one of my said nephews and nieces reaching the age of twenty-one years," require division into five parts or into six parts?

Conversely stated, the issue becomes: did the nephews of testator who predeceased Josephine have a vested interest, subject to divestment, upon the death of the testator?

It is apparent that the trustee opined that the estate should be divided into fifths because no beneficiary had an interest vest until the death of the life tenant, Josephine; that is, that in order to share the beneficiary must have survived Josephine.

Interestingly enough, the testimony taken below discloses that after the death of the testator (Richard Ross Whiting), Richard Whiting (who died in 1958), William Whiting and Carson Whiting, appellees here, entered into an agreement, drawn by the same attorney now representing

the trustee, providing that if one of them should die before the time for distribution of their uncle's estate, *leaving issue,* the survivors would share their portions with the issue instead of having such children denied a share. Obviously, the precise problem here was foreseen and a plan laid to solve it to their satisfaction.

Appellees urge that there is an apparent ambiguity in the will. We find none.

This court is of the opinion that the rationale of *Sinton* v. *Boyd,* 19 Ohio St. 30, 2 Am. Rep. 369, and *Hamilton, Exr.,* v. *Pettifor,* 165 Ohio St. 361, following the authority of the *Sinton case,* controls the matter at bar.

The membership of the class enumerated in the trust instrument had to be determined upon the death of the life tenant. In order to share, then, a nephew or niece must have been alive at the time that particular event occurred. The survivors of a predeceased nephew cannot take the share to which he would have been entitled had he survived. The testator could easily have so provided; to say now that he so intended is to write for him a new will. This we cannot do.

The language appearing after the method of determining the class as set forth merely provides a time for distribution and does not introduce any ambiguity.

Consequently, the questions posed above are answered. The estate is to be divided into five parts because the nephew of the testator who predeceased the life tenant did not have a vested interest upon the death of testator.

The judgment of the Probate Court is reversed, the exceptions to the plan of distribution proposed by the trustee are overruled, and the Probate Court is ordered to distribute the remainder of the estate among the appellants and William H. Whiting and Carson R. Whiting, in equal shares, in harmony with this decision.

*Judgment reversed.*

LONG, P. J., and HILDEBRANT, J., concur.